*388 OPINION.
Trussell :
Petitioner’s contention is that the dividends in question were paid out of the corporation’s earnings for the years 1918, 1919, and 1920; that he has included in his individual returns one-half of the corporate net earnings for each of those years; that he has paid on that alleged income a tax which respondent still retains; and that he should not now be compelled to again pay a tax on the same income for the years 1920 and 1921.
For the purposes of a decision of this case we must assume that the corporation of Brady & Gioe, Inc., has been properly and legally held to be not entitled to a personal service classification during any of the years 1918 to 1921, inclusive. It appears that the interested parties, including petitioner, have accepted and do not now question that determination. Under the theory that Brady & Gioe, Inc., was a personal service corporation petitioner reported his proportionate share of the corporate earnings for the several years and paid both normal and surtax upon the amount so reported. Under the readjustment these amounts must be held to have been erroneously included in petitioner’s returns but in place thereof the petitioner should have reported, in each of such years, the amounts of dividends declared and actually received by him. Thus, in the year 1918, petitioner, instead of reporting $78,559.17 as corporate earnings subject to both normal and surtax, should have reported $68,500 dividends declared and received, subject to surtax only. Likewise, in 1919, instead of reporting $85,614.97 as corporate earnings subject to both normal and surtax he should have reported dividends declared and received in the amount of $92,994.96, subject to surtax only. Likewise, in 1920, instead of reporting $38,413.93 as corporate *389 earnings subject to both normal and surtax he should have reported $86,705.45 as dividends declared and received and subject to surtax only. In 1921, when the corporation sustained an operating loss, he should have reported $23,000 as dividends declared and received and subject to surtax only. These adjustments in petitioner’s income tax and surtax liability for the years 1920. and 1921 are now being made as a result of respondent’s investigation and deficiency notice. And, so far as it appears from the record, the respondent’s adjustments are in accord with the accepted interpretation of the taxing statutes and no error has been found in respondent’s accounting.
In the testimony and argument of counsel for petitioner there appears an apparent sense of injury based upon the theory that the respondent is now calling upon petitioner to pay tax upon amounts of income upon which he has already paid a tax. We are of the opinion, however, that this apparent sense of injury will disappear when petitioner realizes that during the four years about which testimony has been given he reported corporate earnings in the amount of $202,588.07, while during those same years he received dividends in the amount of $271,150.41. If the total of dividends received had not exceeded the total of petitioner’s share of corporate earnings the readjustment of tax liability would have shown overpayments of taxes in some of these years. It appears probable that the petitioner has overlooked the fact that in 1918 and 1919 he drew out of the company in dividends $91,961.24, earned by the corporation in years prior to 1918 but taxable to the stockholders as dividends declared and received in the years 1918 and 1919, and subject to the surtax rates of those years. Revenue Act of 1918, section 201 (a) and (b). Lynch v. Hornby, 247 U. S. 339.

Judgment will be entered for the respondent.